**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAURA ELENA ESPINOZA SEPULVEDA; ET AL., <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-72939 <br><br> Agency Nos. A200-291-844 <br> A202-179-301 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 18, 2023[**]

Before: GRABER, PAEZ, and NGUYEN, Circuit Judges.

Laura Elena Espinoza Sepulveda and her minor son, natives and citizens of

Mexico, petition pro se for review of the Board of Immigration Appeals' order

dismissing their appeal from an immigration judge's ("IJ") decision denying their

applications for asylum, withholding of removal, and protection under the

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241 (9th Cir. 2020). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's determination that petitioners failed to establish they were or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"); *see also Pagayon v. Holder*, 675 F.3d 1182, 1191 (9th Cir. 2011) (a personal dispute, standing alone, does not constitute persecution on account of a protected ground). Thus, petitioners' asylum and withholding of removal claims fail.

To the extent petitioners raise a new proposed particular social group based on family members who cannot leave their relationship in their opening brief, we lack jurisdiction to consider it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

Substantial evidence also supports the agency's denial of CAT protection because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government if returned to Mexico. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009).

We lack jurisdiction to consider the contention that the IJ violated petitioners' right to due process. *See Barron*, 358 F.3d at 677-78.

The temporary stay of removal remains in place until the mandate issues.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**